## 11713

BROWN *ET AL.* v. BRADLEY
FIRST NAT. BANK OF FAIRFAX v. JOHNSON *ET AL.*
BRADLEY *ET AL.* v. LIGHTSEY *ET AL.*

(127 S. E., 210)

1. ASSIGNMENTS—ASSIGNEES OF PARTNER'S INTEREST IN PROCEEDS OF EXECUTION SALE OF PARTNERSHIP PROPERTY IN HANDS OF SHERIFF HELD TO TAKE NO GREATER RIGHTS THAN ASSIGNOR HAD.—Assignees of partner's undivided interest in partnership funds in hands of Sheriff after execution sale and satisfaction of judgments on which executions were issued *held* to take as against other partner and creditors of firm no greater interest than assignor had, and not entitled to such funds when firm was *prima facie* insolvent, except such portion as was not needed for payment of partnership debts.

2. PARTNERSHIP—FUNDS HELD BY SHERIFF AFTER EXECUTION SALE OF
PARTNERSHIP PROPERTY HELD IMPRESSED WITH TRUST IN FAVOR OF
PARTNERSHIP CREDITORS.—Funds held by Sheriff after execution sale
of partnership property and satisfaction of judgments on which ex-
ecutions were issued *held* impressed with trust in favor of partner-
ship creditors, whose rights were superior to those of either partner
or assignees.

Before TOWNSEND, J., Allendale, May, 1924.   Affirmed.

In the matter of two cases, one by the First National
Bank of Fairfax against J. E. Johnston and W. M. Light-
sey, copartners trading as Fairfax Motor Company; the
other by W. W. Bradley, as receiver of the Citizens' Bank
of Fairfax, on his own behalf and on behalf of all other
creditors of W. M. Lightsey and J. E. Johnston, trading as
Fairfax Motor Company, against W. M. Lightsey and J.
E. Johnston, trading and doing business under the style and
firm name of Fairfax Motor Company, and H. C. McMillan,
Sheriff of Allendale County.   On petition of Edgar A.
Brown and J. Julien Bush for order requiring Sheriff to
pay over money to petitioners, opposed by W. W. Bradley.
From order denying petition, petitioners appeal.

The following is the order of the Circuit Judge appealed
from and on which Court bases its decision:

The following facts were stated by counsel for Messrs.
Brown and Bush, the petitioners, on the hearing before me:

This is a motion in the two cases above stated for an
order directing the sheriff of Allendale County to pay over
to Messrs. Brown and Bush the sum of nine hundred
twenty-two and 12/100 ($922.12) dollars, as being the
amount due to them from said sheriff upon an assignment
made by J. E. Johnston of that sum of money remaining in
the hands of the sheriff out of the proceeds of the sale of
certain property of Fairfax Motor Company, a copartner-
ship composed of W. M. Lightsey and J. E. Johnston, under
executions in the above-entitled cases, which said sum of
money remained in the hands of the sheriff after the satis-

faction of the execution under which the property was sold. The assignment was written in form as follows:

"State of South Carolina, County of Allendale.

"For value received, I, J. E. Johnston, of Fairfax, S. C., do hereby assign and transfer to Brown and Bush, Attys., all my right, title and interest in and to one-half of the money now in the hands of H. C. McMillan, sheriff of Allendale County, S. C., arising out of and from an execution sale in the two cases of First National Bank of Fairfax, against Fairfax Motor Company, a copartnership, composed of J. E. Johnston and W. M. Lightsey; my share of said moneys being one-half as equal partner in the said partnership, and the amount hereby assigned amounting to nine hundred twenty-two dollars and twelve cents ($922.12).

"Witness my hand and seal this February 18, 1924.

      [Signed] J. E. Johnston.

"Witness:

      "[Signed] W. S. Hall.

      "[Signed] J. E. Lipscomb.

"State of South Carolina, County of Cherokee.

"Personally appeared before me, J. E. Lipscomb, one of the subscribing witnesses to the foregoing assignment, who, being duly sworn, says that he saw the within named J. E. Johnston sign, seal and as his act and deed deliver the within written assignment, and that he with W. S. Hall witnessed the execution thereof.

"Sworn to before me this February 18, 1924.

      "[Signed] J. E. Lipscomb.

"[Signed] W. S. Hall, [Seal.]

      "Notary Public for S. C."

Notice of this motion was given to the said W. M. Lightsey to the Sheriff and to C. Birnie Johnson, Esq., as attorney for W. W. Bradley, plaintiff in an action against the said J. E. Johnston, who objected to the Sheriff paying over the said money to Messrs. Brown and Bush, and

issued an attachment against same as the property of J. E. Johnston, on the 20th day of February, 1924. The motion was noticed to be argued before me at chambers on March 4, 1924, but was continued by counsel until I came to Allendale to hold the April term of Court.

The Sheriff does not object to paying the money over to Messrs. Brown and Bush, but desires instructions of the Court.

The papers on which the matter is heard by me show that W. M. Lightsey and J. E. Johnston were copartners trading under the firm name of Fairfax Motor Company; that the First National Bank obtained two judgments against the Fairfax Motor Company, issued executions, and sold some real and personal property belonging to that copartnership, and that after applying the proceeds of said sale to the executions issued out of these judgments, the Sheriff had in his hands the sum of $1,844.24; that on February 18, 1924, the defendant J. E. Johnston assigned his one-half individual interest in said funds, amounting to $922.12, to Messrs. Brown and Bush in consideration of their services as his attorney, then being performed; that on the 20th day of February, this assignment was delivered to the Sheriff, and thereafter on that day the Sheriff was notified by W. M. Lightsey not to pay over the said money on the said assignment.

Thereafter on the same day, C. Birnie Johnson, Esq., as attorney for W. W. Bradley, who had brought an action against the said J. E. Johnston, individually, on a note, filed with the Sheriff an attachment of the said money as the property of J. E. Johnston.

On the 21st day of February, the said W. M. Lightsey was adjudged a bankrupt by the United States Court for the Eastern district of South Carolina; that on the 28th day of February, the said C. Birnie Johnson, Esq., attorney for W. W. Bradley, brought suit for the said Bradley as receiver of the Citizens' Bank of Fairfax, on behalf of him-

self .and all other creditors of Fairfax Motor Company, against the said copartners trading as Fairfax Motor Company, and against the Sheriff of Allendale County, in which action, on the same day, Judge J. Henry Johnson issued a rule to show cause why a receiver should not be appointed for the Fairfax Motor Company, and in the meantime restrained the said Lightsey and Johnston from disposing of any property of the said copartnership, and restrained the Sheriff of Allendale County from paying over to any one any money belonging to the said Lightsey and Johnston until a hearing of the said rule to show cause.

On March 7th, Judge Johnson heard the return to the said rule and appointed a receiver of all the assets of the said Fairfax Motor Company; his order containing the following provisions:

"It appearing from the return of H. C. McMillan, Sheriff of Allendale County, that there is now in his hands the sum of eighteen hundred, forty-four and 22/100 ($1,-844.22) dollars, as a balance of proceeds of execution sales in the two (2) cases of the First National Bank of Fairfax versus Fairfax Motor Company, and that on the 20th day of February, 1924, there was filed with the Sheriff of Allendale County, by Brown and Bush, an assignment from J. E. Johnston of his one-half (½) interest in said sum of money, his one-half (½) interest in said sum of money amounting to nine hundred twenty-two and 12/100 ($922.12) dollars, and that the said Brown and Bush claim that they are entitled to the said sum so held by the Sheriff; and it appearing that there is no question or dispute in reference to the one-half (½) interest of W. M. Lightsey, in the said sum of money held by the Sheriff.

"It is ordered that H. C. McMillan, Sheriff of Allendale County, be, and he is hereby directed and ordered to pay over to ——, receiver herein, the said unassigned sum of nine hundred twenty-two and 12/100 ($922.12) dollars, being the share of W. M. Lightsey, in the funds now held

in his hands, and that as to the remaining sum of nine hundred twenty-two and 12/100 ($922.12) dollars, claimed by Brown and Bush under their assignment from J. E. Johnston, that as to this sum no adjudication is made, and this order is not intended to affect the same.   However, the said Sheriff is directed to hold said fund subject to the further order of this Court."

From this statement, it is seen that Brown and Bush claim the money by virtue of written assignment from J. E. Johnston, above set out, made February 18th, and delivered to the Sheriff on February 20th, and that C. B. Johnson, Esq., as counsel, claims the money for W. W. Bradley as receiver, upon the ground that a partner has no definite, tangible ascertained and visible interest in the partnership property which he can transfer or assign or which can be the subject of attachment on lien by his individual creditors until all the firm debts are paid, regardless of whether or not such firm debts are lien debts or not.

I construe the written assignment as transferring to Messrs. Brown and Bush only the one-half undivided and individual interest of J. E. Johnston, the assignor in the funds in the hands of the Sheriff, the firm property of the copartnership, known as the Fairfax Motor Company. *Wilson v. Bowden,* 8 Rich. Law, 9.   Under this assignment Messrs. Brown and Bush occupy the same relation, so far as the funds assigned are concerned, towards Lightsey, the other member of the firm, and the partnership creditors, that Johnston, their assignor, did on the 18th of February, when the assignment was made, *Wilson v. Bowden, supra. Chatzel v. Bolton,* 3 McCord, 33.   *Knox v. Schepler,* 2 Hill L., 595. *Crawford v. Baum,* 12 Rich. Law, 75. *Hutzler v. Phillips,* 26 S. C., 148; 1 S. E., 502; 4 Am. St. Rep., 687.   *Calhoun v. Bank of Greenwood,* 42 S. C., 357; 20 S. E., 153.   *Shaw v. McDonald,* 21 Ga., 398.   *Baker v. City Nat'l. Bank,* 94 Ga., 94; 21 S. E., 159.

The funds in the hands of the Sheriff are impressed with a trust in favor of the partnership creditors, whose rights are superior to those of either partner or his assignee. *Schenk v. Lewis,* 125 S. C., 228; 118 S. E., 631. *Rogers v. Batchelor,* 12 Pet., 221; 9 L. Ed., 1063.

Neither Lightsey, the other partner in the firm, nor his trustee in bankruptcy, nor the firm creditors, represented by Bradley, receiver, have done any act which would estop them, or any of them, from requiring the payment of the copartnership debts before any portion of the funds belonging to the partnership, and in the hands of the Sheriff, are paid over to Johnston's assignees. *In re Stringer,* 244 F., 629.

In *Wilson v. Bowden,* 8 Rich. Law, 9, Bowden obtained from Morgan, one of two partners, an assignment of his interest (one-half) of goods belonging to the partnership, to secure an individual debt due him by Morgan; and then acquired by purchase from the other partner, Cothran, his (the remaining) interest in these goods; and then sold and converted the goods into money, which the creditors of the firm of Morgan & Cothran attempted to attach. Our Court held the assignment by Morgan valid at law, and held his possession of the funds derived therefrom should not be disturbed, at the instance of an outstanding firm creditor, until some equity should be established requiring that the assignment should be made subordinate to the partnership debts.

Judge O'Neal referred to *Chatzel v. Bolton,* 3 McCord, 37, where the firm property had been, as in the case at bar, reduced to money, and Judge Colcock said: "It is not easy to discover any reason which would authorize the Court to pay over to the creditor of his copartner that portion of the proceeds which belonged to him. The law will not interfere with the rights of third parties, farther than is indispensably necessary to the administration of justice."

It appears from the papers submitted to me that Lightsey is bankrupt, and the Fairfax Motor Company is, *prima facie* at least, insolvent. The decision in *Case v. Beauregard*, 99 U. S., 25; 25 L. Ed., 370, is inapplicable to this case.

For these reasons, the petition and motion of Messrs. Brown and Bush is refused; with leave to renew same, should it hereafter appear that it is unnecessary to apply these funds toward the payment of the partnership debts of the Fairfax Motor Company. This issue is to be determined in the action in which a receiver has been appointed for that firm.

W. H. Townsend,
Judge Presiding in Fourteenth Circuit.

*Mr. Thos. M. Boulware,* for appellant, cites: *Partnership assets, after decease of one of the partners:* 118 S. E. 631. *As to assignee:* 42 S. E., 352. *Marshalled assets are trust funds within the control of the Court:* 5 S. E., 502. *Creditors title and interest in partnership asserts:* 25 L. Ed., 370; 30 L. Ed., 971. *Priority of claim:* 5 S. C., 140; Cheves, L., 179, 219; 1 McC., 80.

*Mr. C. Birnie Johnson,* for respondent, cites: *Partnership assets:* 8 Rich. L., 9. *Assignee has no greater right than assignor:* 3 McC. L., 33; 2 Hill L., 595; 12 Rich. L., 75; 26 S. C., 148; 42 S. C., 357; 21 Ga., 398; 94 Ga., 94. *Funds in the hands of a sheriff are impressed with a trust in favor of the partnership creditors:* 125 S. C., 228; 12 Peters 221. *Partners lien and assignment of such lien:* Mechem on Partnership, Secs. 431, 432, 434; 30 Cyc., 545, 687; 74 S. E., 807. *What is subject to levy and sale on an execution against the member of a firm?* 20 R. C. L. Secs., 171, 291. *Estoppel not involved:* 244 Fed., 629. *A bankrupt can require the persons holding partnership property to account for the bankrupt's interest:* Remington on Bankruptcy, Secs. 2248-9; 99 U. S., 119.

March 10, 1925.

The opinion of the Court was delivered by Mr. JUSTICE MARION.

1, 2 The appeal is from order of his Honor, Judge W. H. Townsend, which sufficiently states the essential facts.

After careful consideration, we are of the opinion that the conclusion reached by the Circuit Judge is correct.

It is accordingly adjudged that the order appealed from be affirmed for the reasons therein stated.

MESSRS. JUSTICES WATTS and FRASER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.